Hitchcock, J.
Most of the questions arising in this case have been already decided at the present term in the case of Trustees of Williamsburg v. Trustees of Jackson, in which, under circumstances somewhat similar to the present case, a judgment was entered in favor of the plaintiff. There is this difference, however, in the two cases : in the case cited, one of the paupers to whom the relief had been furnished was not in a situation to be removed, and as to the other, the relief was merely temporary; while in the case before the court, the relief furnished was permanent, and it does not appear but that the pauper might have been removed.
Under such circumstances, it was held, in the case cited, that there could not be a recovery; and this is upon the principle that before one township can recover of another for expenses incurred in the support of one of its paupers, the township seeking to recover must have strictly complied with the requisitions of the law. By section 9 of the act for the relief of the poor, it is mado *377 the duty of the overseers of the poor to remove a pauper who may become chargeable in their township, not having a legal settle-? ment therein, to the township in which he may have a legal settlement as soon as the state of the health of the pauper will admit; and if so removed, a liability attaches to the township to which the removal is made to defray the expenses of removal and previous relief furnished. The removal precedes the right to demand payment, and it is an important requisition of the statute. Each 877] township is bound to support its own paupers, *but it has the right of making its own contract for their support, holding it liable for the expense of placing them within its power. It is known that the cost of supporting paupers is different in different sections of the state, and varies as much as does the cost of ordinary living; and to compel a township in the interior, where the means of living are abundant and cheap, to support its paupers in Cincinnati, or at any other place where those means are more expensive, would be inequitable and unjust. Such is not the intention of the law.
In the case before us no effort was made to remove the pauper, nor is any reason shown why it was not done; of course the plaintiffs have no right of action. j
A question is raised in the case, whether the pauper, at the time ' of the commencement of the suit, had gained a legal settlement in the township of Millcreek. His residence commenced in February, 1835, and he became chargeable as a pauper about six months thereafter. Instead of warning him to depart the township as the law required, the overseers of the poor furnished him relief for two weeks, and then removed him to the hospital in Cincinnati, and continued him there at the expense of Millcreok, for the period of thirteen months. During this period, he was actually living within the limits of Cincinnati township; but he was there by the procurement and at the expense of Millcreek, not for the purpose of gaining a legal settlement, but for the purpose of subsistence. Under such circumstances, he must in law be considered as if actually residing within the limits of the latter township, and as having gained a legal settlement therein. To held otherwise, would be opening the door by which townships might perpetrate base frauds upon each other.
The verdict of the jury is set aside and a new trial ordered, tho costs to abide the event of the suit. New trial granted.